# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GWENDOLYN H.,
    *Plaintiff,*

    v.

No. 3:22-cv-00433 (JAM)

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,
    *Defendant.*

## RULING ON PLAINTIFF'S OBJECTION TO THE RECOMMENDED RULING

Plaintiff claims that she is disabled and unable to work owing to her physical and mental impairments.[1] She brought this action pursuant to 42 U.S.C. § 405(g) seeking review of the final decision of the Acting Commissioner of Social Security, who denied her claims for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income benefits.[2] The Acting Commissioner has moved to affirm the decision.[3] On December 16, 2022, Magistrate Judge Thomas O. Farrish issued a recommended ruling to grant the Acting Commissioner's motion and deny Plaintiff's motion.[4]

Plaintiff filed a timely objection to Judge Farrish's ruling.[5] I assume familiarity with the factual record and governing law as described at length by Judge Farrish. The Court "may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v.*

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, this Court will identify and reference Plaintiff solely by first name and last initial. *See* Standing Order – Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).
[2] Doc. #1; Doc. #14; *see* Doc. #8 at 6–8, 21, 33 (Tr. 1–3, 16, 28). Page references to the transcript are to the pagination generated on the Court's CM/ECF docket. For ease of reference, a citation to the internal Social Security Administration transcript number is provided in the form (Tr. *X*).
[3] Doc. #16.
[4] Doc. #20.
[5] Doc. #22.

*Aceco Indus. & Com. Corp.*, 54 F. Supp. 3d 287, 291 (E.D.N.Y. 2014).[6] Except as to the portion of Judge Farrish's recommended ruling that has been the subject of objection, I find no clear error here. But I must otherwise review *de novo* those portions of the recommended ruling to which an objection is made, and may adopt, reject, or modify, in whole or in part, the recommended ruling. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff makes two arguments in her objection to Judge Farrish's ruling. First, Plaintiff argues that the ALJ erroneously discounted Plaintiff's testimony because he found her statements "not entirely consistent."[7] Instead, she contends, the ALJ should have found Plaintiff credible on the basis of her strong work history.[8] But "[i]t is well established that an argument raised for the first time in an objection to a recommended ruling is waived." *Corbit v. Colvin*, 2015 WL 9308221, at *6 (D. Conn. 2015). "If this court were to consider these untimely arguments, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling has issued to advance additional arguments." *Burden v. Astrue*, 588 F. Supp. 2d 269, 279 (D. Conn. 2008) Because Plaintiff did not raise this argument before Judge Farrish, I decline to consider it.

Second, Plaintiff argues that the ALJ and Judge Farrish erroneously assessed her residual functional capacity ("RFC") by failing to consider certain relevant factors. The ALJ determined that Plaintiff retained the residual functional capacity to perform moderate work, except that Plaintiff

> is limited to no climbing of ropes, scaffolds, or ladders. [Plaintiff] should avoid hazards such as heights, vibration, dangerous machinery, including no driving[.] [Plaintiff] is capable of simple, routine, repetitive work that does not require

---

[6] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[7] Doc. #22 at 1 (citing Doc. #8 at 27 (Tr. 22)).
[8] *Id.* at 1–2.

teamwork or working closely with the public, and no public interaction, but is allowed occasional interaction with supervisors and coworkers.[9]

Judge Farrish found no error in the ALJ's RFC determination.[10]

In upholding the ALJ's determination regarding Plaintiff's lack of credibility, Judge Farrish noted the "numerous notations throughout the Plaintiff's medical records demonstrating that her providers thought that she could work and that she became fixated on how her medical records might impact her claim for benefits."[11] Plaintiff argues that Judge Farrish should have instead regarded the notations as "evidence of significantly impaired functioning."[12]

I do not agree. Judge Farrish did not err in determining that Plaintiff's actions—such as not seeing a doctor "because he would not give her a 'diagnosis pertaining to working,'" "instructing [her] provider on exactly what to put in record," or "explaining that she wants her medical records to reflect a diagnosis of PTSD and wants new providers who will agree with the diagnosis"—undermined her credibility.[13]

For example, in *Willis v. Colvin*, 2014 WL 1902383 (E.D. Va. 2014), the district court determined that an ALJ properly discounted the evidence of the plaintiff's treating physicians in part because the ALJ "noted that the claimant was overly dramatic at the hearing and fixated on obtaining additional benefits," and "all of the [physicians'] opinions were based on the claimant's subjective complaints and self-reports, rather than actual findings and observations of the sources." *Id.* at *6; *accord Hayes v. Colvin*, 2015 WL 5294635, at *5 (D.D.C. 2015); *Taylor v. Colvin*, 2014 WL 4413056, at *3 (D. Colo. 2014).

---

[9] Doc. #20 at 3–4 (quoting Doc. #8 at 26 (Tr. 21)).
[10] *See id.* at 14–22.
[11] *Id.* at 11.
[12] Doc. #22 at 2.
[13] *See* Doc. #20 at 12–13 (citing Doc. #8 at 600, 679, 1167, 1171–73 (Tr. 595, 674, 1162, 1166–68)).

To be sure, in *Saucedo v. Colvin*, 2014 WL 4631225 (D. Or. 2014), the district court rejected the proposition that seeking to obtain benefits weighs against a claimant's credibility. *Id.* at *11. But the claimant in *Saucedo* merely "expressed a desire to obtain disability benefits, including one instance where she listed 'obtaining SSI' as a career goal." *Ibid*. In contrast, the record here suggests that Plaintiff tried to cherry-pick doctors and instruct them on what to put in her medical record so that she would be able to obtain disability benefits. Simply put, Plaintiff does not explain why the facts or the law required Judge Farrish to conclude that Plaintiff's behavior supported her claim for benefits.

Plaintiff further contends that the recommended ruling did not consider her "inability to accept instruction/supervision, as evidenced by her inability to accept medical advice and treatment."[14] Because Plaintiff did not raise this argument before Judge Farrish, I decline to consider it. *Burden*, 588 F. Supp. 2d at 279.

Finally, Plaintiff argues that the RFC does not account for Plaintiff's "stress-related limitations," including her "distress, victimization, and phobic reaction to the idea of returning to work," or her "paranoid and oppositional behaviors."[15] But both the ALJ and Judge Farrish addressed Plaintiff's stress-related limitations and difficulties dealing with others.[16] For example, Judge Farrish noted that "[t]he ALJ accounted for [Plaintiff's stress-related] limitations when he limited the Plaintiff to 'simple, routine, repetitive work.'"[17] Judge Farrish further noted that "[t]he RFC also adequately accounted for the Plaintiff's limitations in dealing with others" by "limiting her to jobs with 'no public interaction.'"[18] And with respect to Plaintiff's interactions

---

[14] Doc. #22 at 2–3.
[15] *Id.* at 3, 5.
[16] *See* Doc. #20 at 10–11, 14–17; Doc. #8 at 25–27 (Tr. 20–22).
[17] Doc. #20 at 15 (quoting Doc. #8 at 26 (Tr. 21)).
[18] *Id.* at 16 (quoting Doc. #8 at 26 (Tr. 21).

with colleagues, Judge Farrish determined that "the ALJ adequately accounted for the Plaintiff's moderate limitations by restricting her to only 'occasional interaction with supervisors and coworkers.'"[19] In short, I agree with Judge Farrish in seeing no reason to disturb the ALJ's RFC determination.

## CONCLUSION

For the reasons set forth above, the Court ADOPTS and APPROVES the recommended ruling of Judge Farrish (Doc. #20). The Court GRANTS the defendant's motion for an order affirming the decision of the Acting Commissioner (Doc. #16) and DENIES the plaintiff's motion for an order reversing the decision of the Acting Commissioner or remanding the case for a hearing (Doc. #14). The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 24th day of March 2023.

/s/ *Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge

---

[19] *Ibid.* (quoting Doc. #8 at 26 (Tr. 21)).